# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

JULIE BISHOP, et al.,                )
                                      )
      Plaintiffs,              )
                                      )
vs.                                   )     Case No. CIV-05-199-F
                                      )
CITY OF STILLWATER, et al.,           )
                                      )
      Defendants.              )

## ORDER

In reviewing "Defendant, State of Oklahoma ex rel. Office of the Attorney General's Motion to Dismiss for Lack of Subject Matter Jurisdiction," filed April 2, 2005 (docket entry no. 8), it has come to the court's attention that certain matters require clarification from the parties before the court can rule on the pending motion.

1.

The caption of the Complaint lists Chy Hamilton as a defendant, numbering him as party no. 7 in this action. The caption does not state whether Mr. Hamilton is sued in his individual and/or in his official capacity.

Where the complaint fails to specify the capacity in which a government official is sued, the court looks to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability. Pride v. Does, 997 F.2d 712, 715 (10th Cir. 1993). Paragraph 7 of the Complaint alleges "That at the time of the above stated incident, Chy Hamilton was acting in his official capacity, and in the course of and within the scope of his employment with the

State of Oklahoma and acting under color of law." The court recognizes that allegations regarding the capacity in which Mr. Hamilton *acted* are not necessarily indicative of the capacity in which he is *sued*, *see*, *id.* at 716 n.2 (10th Cir. 1993); however, the above-quoted language, as well as other factors, suggest that plaintiffs intend to sue Mr. Hamilton in his official capacity only. For one thing, to establish personal liability under § 1983, one of the claims alleged in this action, it is necessary to show that an official acted under color of state law. <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). Yet paragraph 7 of the Complaint alleges, as an alternative to claims that Mr. Hamilton acted in an official capacity and under color of law, that "this Defendant was not acting under the color of law." Also, paragraph 4 of the Complaint alleges that "The Defendants 3, 4, 6, 7 are agencies of the State of Oklahoma and/or agents, servants or employees of the Defendant the State of Oklahoma or are of its cities or counties in the State of Oklahoma."

Furthermore, the pending motion to dismiss makes Eleventh Amendment arguments on behalf of the State. Although the motion does not discuss any distinction between official-capacity claims and individual-capacity claims, these Eleventh Amendment arguments pertain to Mr. Hamilton only to the extent that he is sued in his official capacity. *See*, <u>Seibert v State of Oklahoma</u>, 867 F.2d 591, 593-95 (10th Cir. 1989) (upholding district court's dismissal of § 1983 damage actions against the State, the University, and the official-capacity defendants.) Plaintiff's response to the motion also does not raise the distinction between Eleventh Amendment arguments available in official-capacity suits as opposed to individual-capacity suits.

In fact, plaintiffs' response brief concludes with the statement that, "The various federal claims are properly heard against the majority of defendants because cities *are* 'persons' for purposes of a 42 U.S.C. § 1983 action, and, more important, counties and municipalities have no right of state sovereign immunity." Thus, in their list of defendants who they propose are "persons" subject to a § 1983 action in federal court, plaintiffs do not mention any individual defendant.

For these reasons, having carefully reviewed the pleadings and the proceedings to date, the court hereby interprets the Complaint as alleging only official-capacity claims against Chy Hamilton, an officer of the State of Oklahoma.

2.

The Complaint appears to name the State of Oklahoma as a defendant four different times. The caption of the Complaint lists the following defendants: State of Oklahoma ex rel. Oklahoma State University (party number 5), State of Oklahoma ex rel. Office of the Attorney General (party number 6), Chy Hamilton (party number 7), and the Oklahoma State Regents for Higher Education (party number 8). Oklahoma State University and the Oklahoma State Regents for Higher Education are merely arms of the State of Oklahoma. *See*, Seibert, 867 F.2d at 594-95 (10th Cir. 1989) (University of Oklahoma and its Board of Regents are arms of the State and are not separate from the State for Eleventh Amendment purposes). With respect to the listing of Chy Hamilton, the court has already determined that Mr. Hamilton is named in his official capacity only. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Kentucky v Graham, 473 U.S. at 166.

Other than the allegations concerning Chy Hamilton in paragraph 7 which have been quoted above in this Order, no allegations separately address any of the various defendants. Rather, the allegations speak only of the actions and liability of the defendants as a group.

For these reasons, the court concludes that the caption's listing of the State of Oklahoma as a defendant four different times is merely a redundancy. The court hereby interprets the Complaint as alleging claims against the City of Stillwater (party number 3), Payne County (party number 4), and the State of Oklahoma (parties numbered 5-8). However, as Payne County has previously been dismissed, the remaining defendants are the City of Stillwater and the State of Oklahoma.

3.

Consistent with this interpretation of the Complaint, the court notes that the pending motion to dismiss is brought by the "State of Oklahoma ex rel. Office of the Attorney General." The motion makes no mention of OSU, the Regents, or Mr. Hamilton. Moreover, the only state defendant which is shown on the docket as represented by counsel in this action is the "State of Oklahoma ex rel. Office of Attorney General." Mr. J. Kevin Behrens has entered his appearance on behalf of the State of Oklahoma ex rel. Office of the Attorney General. No other attorney has entered an appearance on behalf of any State defendant.

For these reasons, the court interprets the pending motion to dismiss (docket entry no. 8) as brought on behalf of the State of Oklahoma generally, regardless of the various, redundant ways in which the State is listed as a defendant in the caption of

the lawsuit.  The court also interprets Mr. Behrens' appearance as entered on behalf of the State of Oklahoma generally, regardless of the various, redundant ways in which the State is listed as a defendant in the caption of the lawsuit.

Conclusion

If any party objects to the court's interpretation of the Complaint or the pending motion to dismiss, all as stated in this Order, that party is **DIRECTED** to file their objection on or before Wednesday, April 27, 2005.  Any objection should state the reason for the objection as well as the party's proposed interpretation of the Complaint or the motion.  If no objection is filed by April 27, the interpretations stated in this Order will stand and the court will proceed to determine the pending motion to dismiss on that basis.

Dated this 22nd day of April, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0199p003(pub).wpd