# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE BISHOP, et al., | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. CIV-05-0199-F |
| | ) |
| CITY OF STILLWATER, et al., | ) |
| | ) |
|        Defendants. | ) |

## <u>ORDER</u>

Before the court is "Defendant, State of Oklahoma ex rel. Office of the Attorney General's Motion to Dismiss for Lack of Subject Matter Jurisdiction," filed April 2, 2005 (docket entry no. 8). Plaintiffs have responded to the motion, and it is ready for determination.

The complaint alleges federal law claims under 42 U.S.C. § 1983 and state law claims under the Oklahoma Government Tort Claims Act, 51 O.S. § 151 *et seq*. As it now stands, the complaint alleges these claims against the State of Oklahoma, the City of Stillwater, and Chy Hamilton in her official and individual capacities.[1]

---

[1]The fact that these are the remaining defendants is clarified by the court's Order of April 22, 2005 (docket entry no. 14) and plaintiffs' response to that order, filed April 25, 2005 (docket entry no. 15). The complaint is hereby deemed to conform with the interpretation of the complaint set out in the April 22 order as modified by plaintiffs' response to that order.

The motion is brought by the State of Oklahoma, including Chy Hamilton to the extent that she is sued in her official capacity.[2]  The motion seeks dismissal of all claims alleged against the State, under Fed. R. Civ. P. 12(b)(1).  The State argues that the court lacks subject matter jurisdiction based on Oklahoma's Eleventh Amendment immunity.

Discussion

The Eleventh Amendment to the United States Constitution provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court has interpreted the Eleventh Amendment to bar suits against a state by its own citizens as well as by citizens of another state.  Seibert v. State of Oklahoma, 867 F.2d 591, 594 n.2 (10th Cir. 1989), citing Hans v. Louisiana, 134 U.S. 1, 21 (1890).

Plaintiffs assert that they may pursue their tort claims against the State in federal court because Oklahoma waived its Eleventh Amendment immunity to tort claims when it enacted the Governmental Tort Claims Act.  Plaintiffs' view is incorrect.  The Governmental Tort Claims Act does not waive Oklahoma's Eleventh

---

[2]The April 22, 2005 Order interprets the motion as brought by the State of Oklahoma generally, regardless of the various ways in which the State is listed as a defendant in the caption. The order further finds that official capacity claims are, in all respects other than name, to be treated as claims against the entity.  Therefore, to the extent that Chy Hamilton is sued in her official capacity, the motion is brought on her behalf also.  The April 22 order invited defendants to state any objections to this interpretation of the motion, but they have stated none.  References in this Order to the State are intended to include references to Chy Hamilton in her official capacity.

Amendment immunity.  In fact, that Act expressly preserves Oklahoma's Eleventh Amendment immunity.  As plainly stated in 51 O.S. §152.1.B., "it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."

It appears to the court that plaintiffs may have confused sovereign immunity with Eleventh Amendment immunity.  The difference in these two types of immunities is recognized in <u>Seibert</u>, 867 F.2d at 595.  Like the instant lawsuit, the complaint in <u>Seibert</u> alleged federal civil rights claims and pendent state law claims. <u>Id</u>. at 593.  Also similar to this lawsuit, in <u>Seibert</u>, the claims were alleged against the University of Oklahoma, the University's Board of Regents, and individuals acting in their official capacities.  <u>Id</u>. at 595.  The plaintiffs in <u>Seibert</u> argued that Oklahoma had waived its Eleventh Amendment immunity.  <u>Id</u>. at 595.  The Tenth Circuit disagreed, upholding the district court's dismissal of damage claims alleged against the State, and explaining that "[a]lthough plaintiff is correct that Oklahoma has waived its *sovereign* immunity in certain circumstances, that waiver does not, in and of itself, amount to a waiver of Oklahoma's *eleventh amendment* immunity." <u>Seibert</u>, 867 F.2d at 595 (emphasis in original).

Here, as in <u>Seibert</u>, the State of Oklahoma is immune to suit in federal court on plaintiffs' claims, and this immunity includes not only plaintiffs' § 1983 claims but also plaintiffs' tort claims alleged under the Governmental Tort Claims Act.  This Eleventh Amendment immunity applies not only to the State directly, but also to Chy

-3-

Hamilton as a state official sued in her official capacity. *See*, <u>Seibert</u>, 867 F.2d at 595 (damage actions against state officials sued in official capacity properly dismissed).

In addition to its Eleventh Amendment immunity argument, the State argues that it is not a person within the meaning of § 1983 so that it is not subject to suit under that statute, citing <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). There is no need to address this point except to say that the law is well established in this regard. Apparently recognizing this fact, plaintiffs have not presented any developed argument to the contrary so that the court finds this point has essentially been conceded. LCv7.2(e) (motion which is not opposed may, in the court's discretion, be deemed confessed).

One final argument requires mentioning. Plaintiffs repeatedly urge the court to exercise pendent jurisdiction over the tort claims because, should the court dismiss those claims, plaintiffs would find themselves inefficiently litigating related claims in state and federal court. This argument presumes that the court could, if it wanted to, solve plaintiffs' Eleventh Amendment problem which, of course, it cannot. One possible fix, should plaintiffs choose to avail themselves of it, is for plaintiffs to voluntarily dismiss without prejudice the claims which survive this order. Plaintiffs could then bring those claims, together with any dismissed claims they may wish to pursue, in state court. The Eleventh Amendment provides immunity to "the judicial power of the United States"; thus, by its own terms, the Eleventh Amendment provides immunity to suit in federal court but provides no immunity to suit in state court.

Conclusion

Having carefully studied the parties' submissions and the relevant arguments and authorities, the State of Oklahoma's motion to dismiss for lack of jurisdiction is **GRANTED**.  All claims alleged against the State of Oklahoma, including all claims alleged against Chy Hamilton in her official capacity, are hereby **DISMISSED** under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, based on Oklahoma's Eleventh Amendment immunity to suit in federal court.

Plaintiffs have previously dismissed defendant Payne County from this action. Thus, the only claims which survive this order and remain pending in this action are claims against the City of Stillwater and individual capacity claims against Chy Hamilton.

Dated this 28th day of April, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0199p004(pub).wpd